United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTLE & COOKE MADERA, INC., CASTLE & COOKE CALIFORNIA, INC., AG 1970, INC., AG 1971, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>MACKENZIE PATTERSON FULLER, INC.; SUTTER OPPORTUNITY FUND 3, LLC; MP FALCON FUND, LLC; MP FALCON GROWTH FUND 2, LLC; MPF DEWAAY PREMIER FUND LLC; MP INCOME FUND 17, LLC; MPF INCOME FUND 20, LLC; MP INCOME FUND 12, LP; MP VALUE FUND 6, LLC; MACKENZIE PATTERSON SPECIAL FUND 6, LLC; MACKENZIE PATTERSON SPECIAL FUND 6-A, LLC; MACKENZIE PATTERSON SPECIAL FUND 7, LLC; ACCELERATED HIGH YIELD INSTITUTIONAL FUND, LTD.; ACCELERATED HIGH YIELD INSTITUTIONAL INVESTORS, LTD.; MACKENZIE SPECIFIED INCOME FUND, LP; LEON G. FETERL and MARILYN R. FETERL, trustees of the LEON G. FETERL LIVING TRUST; CHRISTOPHER HAYES; WALTER HAYES III; BARBARA J. HERROLD; LASALLE NATIONAL TRUST, executor of the ESTATE OF LILA RADWAY; ALEX DONNER; JOHN L. FRENCH, personal representative of the ESTATE OF HOWARD H. FITZGERALD II; ANCHOR TRUST, trustee of the ROBERT E. HAUGAN REVOCABLE TRUST; GREGORY J. GUGGEMOS, trustee of the WILBUR C. HERBST TRUST; PARAMOUNT COFFEE CO.; MARTIN | No. C 05-05278 WHA<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST CHRISTOPHER HAYES** |

SCHLISSBERG, trustee of the ISF/PCC
TRUST PARAMOUNT COFFEE CO; and
DOES 1–10,

     Defendants.
                                                                /

**INTRODUCTION**

In this interpleader action, certain defendants led by MacKenzie Patterson Fuller, Inc. have moved for entry of default judgment against another defendant, Christopher Hayes, who has never appeared in this action.[1] Review of the *Eitel* factors favors entry of default judgment. This order **GRANTS** the motion for default judgment.

**STATEMENT**

This interpleader action concerns a dispute over the ownership of units in two partnerships, called Apache Grove Land Program 1970 and Apache Grove Land Program 1971. The partnerships control over 4,300 acres of land in Madera County, California.

In 2004 and 2005, the MacKenzie defendants, a group of affiliated real-estate investment concerns, made tender offers for partnership units. Those tender offers are alleged to have been defective by cross-claimants and also by plaintiffs Castle & Cooke California, Inc., Castle & Cooke Madera, Inc., AG 1970, Inc., and AG 1971, Inc. They claim that the assignments made pursuant to the MacKenzie offers are void. Under that theory, ownership of the units remains with the original owners.[2]

To address the possibility of conflicting tenders, plaintiffs deposited $618,615.54 with the Clerk of the Court, which represented (1) Castle & Cooke Madera's offer price of $121,919

---

[1] The MacKenzie defendants also include Sutter Opportunity Fund 3, LLC; MP Falcon Fund, LLC; MP Falcon Growth Fund 2, LLC; MPF Dewaay Premier Fund LLC; MP Income Fund 17, LLC; MPF Income Fund 20, LLC; MP Income Fund 12, LP; MP Value Fund 6, LLC; MacKenzie Patterson Special Fund 6, LLC; MacKenzie Patterson Special Fund 6-A, LLC; MacKenzie Patterson Special Fund 7, LLC; Accelerated High Yield Institutional Fund, Ltd.; Accelerated High Yield Institutional Investors, Ltd. and Mackenzie Specified Income Fund, LP.

[2] By prior order dated May 8, 2006, a significant portion of this litigation is stayed pending arbitration between the MacKenzie defendants and cross-claimants Leon G. Feterl and Marilyn R. Feterl, trustees of the Leon G. Feterl Living Trust; Barbara J. Herrold; LaSalle National Trust, executor of the estate of Lila Radway; Alex Donner; John L. French, personal representative of the estate of Howard H. Fitzgerald II; and Anchor Trust, trustee of the Robert E. Haugan Revocable Trust.

2

United States District Court
For the Northern District of California

per Apache Grove Land Program 1970 unit times the number of partnership units in Apache Grove Land Program 1970 tendered to Castle & Cooke Madera by the MacKenzie defendants; and (2) Castle & Cooke Madera's offer price of $78,757 per Apache Grove Land Program 1971 unit times the number of partnership units in the Apache Grove Land program 1971 tendered to Castle & Cooke Madera by the MacKenzie defendants (Manell Decl. ¶¶ 12–13).

Christopher Hayes was one of the original owners of Apache Grove Land Program 1970. He owned .16667 limited partnership units in Apache Grove Land Program 1970. Based on the price of Castle & Cooke Madera's tender offer for units of the Apache Grove Land Program 1970, Hayes's units were priced at $20,320.24. According to the MacKenzie defendants, in November 2004 and July 2005, the MacKenzie defendants and Hayes entered into assignment agreements whereby Hayes transferred all of his interest in the partnership units to the MacKenzie defendants in exchange for consideration. The MacKenzie defendants tendered payment in the amount of $5,395 to Hayes on October 6, 2005.

The MacKenzie defendants tendered the units into the tender offer made by Castle & Cooke Madera for the purchase of partnership units. The MacKenzie defendants claim that they are entitled to receive the money offered by Castle & Cooke Madera for the purchase of the units — $20,320.24 — which was deposited with the Clerk of the Court.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the Court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these factors favor entry of default judgment against Christopher Hayes in this case.

3

The complaint is sufficient because it states Hayes's role as one of the original holders of interest in Apache Grove Land Program 1970 partnership units. The complaint states the grounds upon which the Court's jurisdiction depends, states a claim for statutory interpleader, and demands declaratory relief and injunctive relief.

There is no reason to question the merits of the substantive claims. According to the undisputed record, Hayes transferred all of his interest in the partnership units to the MacKenzie defendants. He received $5,395 in consideration from the MacKenzie defendants. The MacKenzie defendants tendered Hayes's former units to Castle & Cooke Madera. The MacKenzie defendants are now entitled to the $20,320.24 deposited with the Clerk of the Court.

Denying default judgment would leave the MacKenzie defendants without a remedy.

In general, the fact that a large sum of money is at stake weighs against default judgment. *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). The MacKenzie defendants have asked for $20,320.24. That amount pales beside the three million dollars at stake in *Eitel*.

Indications that there is a dispute of material fact weigh against entry of default judgment. *Eitel*, 782 F.2d at 1471–72. Hayes has defaulted and the Court must take as true all well-pleaded allegations in the complaint, thereby negating the possibility of a present dispute.

Default judgment is less favored when due to excusable neglect. *Eitel*, 782 F.2d at 1472. Here, Hayes was properly served with the complaint and has never filed an appearance. There is no evidence of excusable neglect.

Although we all would favor a decision on the merits, such an outcome does not appear possible in this case as to Hayes. All of the *Eitel* factors counsel in favor of a default judgment.

4

**CONCLUSION**

For the foregoing reasons, the MacKenzie defendants' motion for default judgment against Christopher Hayes is **GRANTED**.  Pursuant to the Court's order dated June 12, 2006, the $20,320.24 shall not be distributed by the Clerk until any motion to discharge is decided.

**IT IS SO ORDERED.**

Dated:  November 9, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5